UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAHILL WILLIAMS, | : | 3:26-CV-00078 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| JILLIAN KOCHIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

Plaintiff Kahill Williams claims that the defendant, his former defense attorney, violated his rights in connection with state criminal proceedings. He raises both federal and state-law claims. But after screening the complaint, we concluded that it fails to state a federal claim upon which relief can be granted. And in the absence of a federal claim, the court should not exercise supplemental jurisdiction. Nevertheless, given the liberal policy regarding leave to amend, we granted Williams leave to file an amended complaint. He has not, however, filed an amended complaint. Thus, we recommend that the court dismiss this case.

## II. Background.

Williams, who is a prisoner, began this action by filing a complaint. *Doc. 1*. He also filed an application to proceed *in forma pauperis*, which we granted. *Docs. 4, 6*.

Williams names one defendant in his complaint: Jillian Kochis, his former defense counsel. *Doc. 1* at 1, 3. Williams alleges that he has been held at the Lackawanna County Prison on a charge of failure to register as a sex offender since March 17, 2025. *Id*. at 3. He contends, however, that he completed his registration requirement. *Id*. at 1. He further alleges that he was convicted in New York, but he has been removed from the New York State Sex Offender Registry, and he attaches as an exhibit to his complaint a letter from the New York State Sex Offender Registry to that effect dated July 13, 2020. *Id*. at 1, 7. Williams alleges that he is being held without due process and in without probable cause. *Id*. at 1, 6. And he complains that Kochis never visited him in prison; she spoke to him on the phone only once; she said she was going to file a motion to dismiss the charge, but she did not; and without his consent, she repeatedly moved to continue the case. *Id*. at 3–5. Williams alleges that Kochis is no longer employed by the Lackawanna County Public Defender's office and is no longer his counsel. *Id*. at 6.

2

Williams claims that Kochis violated his Fourth and Fourteenth Amendment rights and she violated state law, including the Rules of Professional Conduct. *Id.* at 2–3. He is seeking monetary damages. *Id.* at 9.

We screened the complaint, and by an Order dated February 26, 2026, we concluded that the complaint fails to state a federal claim upon which relief can be granted. *See doc. 7.* And in the absence of a federal claim, we determined that the court should not exercise supplemental jurisdiction. *Id.* Nevertheless, given the liberal policy regarding leave to amend, we granted Williams leave to file an amended complaint. *Id.* Because we gave Williams 28 days to file an amended complaint, *see id.* at 17, his amended complaint was due on or before March 26, 2026. Willaims did not file an amended complaint. But on March 31, 2026, he filed a document that he titled "Motion" and subtitled "Motion to Amend Newly Discovered Information and Evidence that by Law Violated Plaintiffs Constitutional Rights to Address to the Court" ("motion to amend"). *Doc. 9.* Considering the above, we granted Williams's motion to amend to the extent we extended the deadline for Williams to file an amended complaint to May 4, 2026. *Doc. 10.* Williams has not, however, filed an amended complaint. For the reasons set forth below, we recommend that the court dismiss this case.

3

## III. Jurisdiction.

In his complaint, Williams cites to 28 U.S.C. § 1332 as the basis for the court's subject-matter jurisdiction. *See doc. 1* at 9. Under § 1332, the court has diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between *inter alia* citizens of different states. 28 U.S.C. § 1332. Williams has not plausibly alleged that the court has diversity jurisdiction.

Section 1332 requires complete diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). There is complete diversity only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id*. "A plaintiff invoking a federal court's diversity jurisdiction bears the burden of stating 'all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Kissi v. Gillespie*, 348 F. App'x 704, 705–06 (3d Cir. 2009) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).

"The citizenship of a natural person is the state where that person is domiciled." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). An individual's domicile "'is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286

(3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). "To acquire a domicile, a person must be physically present in a state *and* intend to remain in that state." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (emphasis in original).

Williams does not allege either his citizenship or the citizenship of Kochis.[1] Accordingly, he has not alleged that his citizenship and the citizenship of Kochis are diverse. Thus, this court lacks diversity jurisdiction.

Although this court lacks diversity jurisdiction, because Williams is raising 42 U.S.C. § 1983 claims, the court has federal-question jurisdiction under 28 U.S.C. § 1331.

## IV.  Screening of *In Forma Pauperis* Complaints—Standard of Review.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review

---

[1] Williams lists two addresses for himself. But even assuming that either of those addresses represents his residence, "[r]esidence is not the same as domicile and does not establish citizenship for diversity purposes." *Pepper v. Covington*, No. 3:19-CV-00758, 2019 WL 2324558, at *2 (M.D. Pa. May 31, 2019). Thus, "[a]lleging residency alone is insufficient to plead diversity of citizenship." *GBForefront,* 888 F.3d at 35. Further, although Williams lists an address for Kochis, he lists Kochis's address as that of the Public Defender's Office. That also is insufficient to establish citizenship for diversity purposes.

5

the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent

part:

> **(a) Screening.**  The court shall review, before docketing, if
> feasible or, in any event, as soon as practicable after docketing,
> a complaint in a civil action in which a prisoner seeks redress
> from a governmental entity or officer or employee of a
> governmental entity.
>
> **(b) Grounds for dismissal.**  On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of
> the complaint, if the complaint
>
> > **(1)** is frivolous, malicious, or fails to state a claim upon
> > which relief may be granted; or
> >
> > **(2)** seeks monetary relief from a defendant who is
> > immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails

to state a claim upon which relief may be granted."  This statutory text mirrors the

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can

be granted, "[w]e must accept all factual allegations in the complaint as true,

construe the complaint in the light favorable to the plaintiff, and ultimately

determine whether plaintiff may be entitled to relief under any reasonable reading

of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In

making that determination, we "consider only the complaint, exhibits attached to

6

the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cnty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to

dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

In sum, "[w]e accept as true all factual matters [the plaintiff] alleges, but his complaint cannot survive unless the facts it recites are enough to state plausible grounds for relief." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Iqbal*, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

8

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But "[a] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief." *Beasley*, 14 F.4th at 231 (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "Notwithstanding the rule of liberal construction, a pro se complaint may not survive dismissal if its factual allegations do not meet Iqbal's basic plausibility standard." *Beasley*, 14 F.4th at 231. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93).

## V. The complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted.

Williams is bringing his Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v.*

*Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under §1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw,* 164 F.3d 141, 146 (3d Cir.1998)). The Supreme Court has established several approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002). The United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the

[s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)). "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.,* 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

"[T]he relevant question is not whether the private actor and the state have a close relationship generally, but whether there is 'such a close nexus between the State and *the challenged action* that seemingly private behavior may be fairly treated as that of the State itself.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (emphasis in original) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). "In other words, the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

An otherwise private actor may act under color of state law when engaged in a conspiracy with a state official. *Dennis v. Sparks*, 449 U.S. 24, 29 (1980).  "The essence of a conspiracy is an agreement." *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir. 1989).  "To demonstrate the existence of a conspiracy under § 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012) (quoting *Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir.1993), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003)). Because direct evidence of a conspiracy is rarely available, the existence of a conspiracy may be inferred from the circumstances. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).  Still, to plead a conspiracy, a plaintiff must allege "facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "To properly plead such an agreement, 'a bare assertion of conspiracy will not suffice.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

Here, Williams attempts to hold Kochis liable under § 1983 for providing ineffective assistance of counsel when representing him in connection with his state criminal proceedings.  But the conduct of a defense attorney representing a client in a criminal case does not by itself rise to the level of state action entitling a

state prisoner to bring a federal civil-rights actions against his own prior counsel. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).  And Williams has not alleged any facts that suggest that Kochis conspired with a state actor to violate his rights.  Thus, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against Kochis in her individual capacity because Willliams has not alleged action under color of state law.

Williams states that he is suing Kochis in her official capacity as well as her individual capacity. *See doc. 1* at 1.  Official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).  In an official-capacity suit, the entity of which the officer is an agent is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Here, as to Williams's claim against Kochis in her official capacity, the real party in interest is the Lackawanna County Public Defender's Office.  But Williams's official capacity claim fails for the same reason his individual capacity claim fails—lack of state action.  "Since public defenders are not state actors 'when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding,' *Dodson*, 454 U.S. at 325 (footnote omitted), their employing entities, *i.e.*, public defender's offices,

13

have been treated similarly in this context." *Chase-Keyes v. Montgomery Cnty. Pub. Def.'s Off.*, No. 25-CV-6070, 2025 WL 3719317, at *3 (E.D. Pa. Dec. 23, 2025); *see also Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) ("Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *Sciarra v. Dauphin Cnty. Pub. Def.*, No. 1:24-CV-00664, 2024 WL 6473230, at *2 (M.D. Pa. May 9, 2024) (concluding that 42 U.S.C. § 1983 claims against court-appointed criminal defense counsel and the public defender's office for which they worked failed to state a claim upon which relief can be granted because the defendants were not acting under color of state law), *report and recommendation adopted*, 2024 WL 6473229, at *1 (M.D. Pa. June 10, 2024).  Thus, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against Kochis in her official capacity because Willliams has not alleged action under color of state law.

## VI.  State-Law Claims.

Williams asserts that Kochis violated state law.  Such state-law claims would fall within the court's supplemental jurisdiction.[2]  But here there is no basis for the court to exercise supplemental jurisdiction over such claims.

---

[2] As discussed above, Williams also asserts that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, but he has not plausibly alleged facts showing that the court has diversity jurisdiction.

Whether to exercise supplemental jurisdiction is within the discretion of the court.  28 U.S.C. § 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction.  When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 (1988)).  The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

There is nothing unique about this case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction over Williams's state-law claims. Accordingly, because we conclude that the complaint fails to state any federal claims upon which relief can be granted, the court should decline to exercise supplemental jurisdiction over Willliams's state-law claims.

15

## VII.  Leave to Amend.

Before dismissing a complaint under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  Williams has not alleged that Kochis was acting under color of state law, and even though it was unlikely that he would plausibly be able to so allege, given the liberal standard for leave to amend, we gave Williams leave to file an amended complaint to attempt to state a claim upon which relief can be granted.  But he has not filed an amended complaint.

## VIII.  Recommendations.

For the foregoing reasons, we recommend that the court dismiss the complaint for failure to state a claim upon which relief can be granted, and we recommend that the court close this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A

16

judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2nd day of June, 2026.

_**S/Susan E. Schwab**_
Susan E. Schwab
United States Magistrate Judge

17