**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAHILL WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO. 3:26-CV-00078 |
| v. | (MEHALCHICK, J.) |
| JILLIAN KOCHIS, | |
| Defendant. | |

**ORDER**

Plaintiff Kahill Williams ("Williams") initiated this *pro se* action on January 14, 2026, by filing a complaint alleging that he is being held in the Lackawanna County Prison without probable cause and that his former defense attorney, Defendant Jillian Kochis ("Kochis"), provided him with ineffective assistance of counsel in violation of state law and his constitutional rights. (Doc. 1). On February 26, 2026, Magistrate Judge Susan E. Schwab screened the complaint in accordance with 28 U.S.C. § 1915A and concluded that it is subject to dismissal for failure to state a claim and lack of jurisdiction. (Doc. 7). Judge Schwab, however, granted Williams leave to file an amended complaint within twenty-eight days of the screening order. (Doc. 7, at 1).

Williams did not file a timely amended complaint. However, on March 31, 2026, Williams filed a document labeled "Motion to Amend Newly Discovered Information and Evidence that by Law Violated Plaintiffs Constitutional Rights to Address to the Court." (Doc. 9). On April 6, 2026, Judge Schwab granted Willaims until May 4, 2026, to file an amended complaint but warned Williams that she would recommend that his case be dismissed if he did not file a timely amended complaint. (Doc. 10, at 3). Williams did not file a timely amended complaint, and on June 6, 2026, Judge Schwab filed a report and

recommendation recommending that the Court dismiss this action without granting leave to amend. (Doc. 11, at 16). According to Judge Schwab, Williams fails to state any federal claims because he attempts to bring 42 U.S.C. § 1983 claims against Kochis without alleging that she acted under color of state law. (Doc. 9, at 9-14). Judge Schwab further noted that the only basis by which the Court could retain jurisdiction over Williams's state law claims is through supplemental jurisdiction and Williams provides no justification for the Court to exercise supplemental jurisdiction over his state law claims. (Doc. 11, at 14-15). Judge Schwab advised Williams that he had fourteen days to file an objection. (Doc. 11, at 16-17). Williams did not file a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 11).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the magistrate judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v.*

*Gartley*, No. CV 3:23-363, 2024 WL 555894, at \*1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 11). Judge Schwab's report and recommendation (Doc. 11) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **DISMISSES** the complaint (Doc. 1) and **DENIES** leave to amend. The Clerk of Court is directed to close this matter.

BY THE COURT:

Dated: June 23, 2026                                 /s/ *Karoline Mehalchick*
                                                                         **KAROLINE MEHALCHICK**
                                                                         **United States District Judge**

3